IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL JOSEPH COUNTRYMAN,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT L. AYERS, Warden,<br><br>    Respondent.                 / | No. C 08-5195 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT |

    Petitioner filed the present pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the 2006 decision by the California Board of Parole Hearings (Board) finding him unsuitable for parole.

    Before the Court is Respondent's motion to dismiss the petition as moot. Respondent alleges that Petitioner was subsequently found suitable for parole and was released on parole on or about May 2, 2009. Petitioner did not file an opposition to the motion.

    Where a prisoner seeks release on parole and does not challenge the validity of his conviction, his habeas petition becomes moot once he is released on parole. See Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988); see also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988) (a moot action is one in which the parties lack a legally cognizable interest in the outcome). The possibility of parole revocation does not present a situation which is "'capable of repetition, yet evading review'" to which the doctrine of mootness may not apply. Id. (citation omitted).

Here, Petitioner claims that the Board's 2006 denial of parole was unlawful. Because Petitioner has now been released on parole and does not challenge his conviction, he lacks a cognizable interest in the outcome of this action. See Reimers, 863 F.2d at 632; Fendler, 846 F.2d at 555. That the relief he seeks may result in the possible earlier termination of parole supervision does not circumvent mootness. See id. (rejecting claim of exception to mootness by federal prisoner who could seek review of his eligibility for early termination of parole by applying to the parole commission).

For the foregoing reasons, Respondent's motion to dismiss is GRANTED, and the petition is dismissed as moot.

The Clerk of the Court shall enter judgment in favor of Respondent, terminate all pending motions as moot, and close the file.

This Order terminates Docket no. 3.

IT IS SO ORDERED.

Dated: 2/17/10

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA | |
| RANDALL JOSEPH COUNTRYMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBET L AYERS et al,<br><br>    Defendant. | Case Number: CV08-05195 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 17, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Randall Joseph Countryman E-29892
3-N-35-L
San Quentin State Prison
San Quentin, CA 94964

Dated: February 17, 2010

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk